UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES MCDONALD and KAREN MCDONALD, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:03-cv-1698-RLY-TAB |
| HSBC FINANCE CORPORATION and UNITED HEALTHCARE CORPORATION d/b/a UNITED HEALTHCARE INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANTS' MOTIONS TO DISMISS**

Having already successfully pursued the dismissal of Plaintiffs' state law claims on the basis of preemption under the Employee Retirement Income Security Act ("ERISA"), Defendants now attempt to complete the invocation of what amounts to a *"Catch 22"*[1] by having this court dismiss Plaintiffs' ERISA claim for failure to state a claim upon which relief can be granted. For the reasons discussed in this entry, the court will not dismiss the Complaint, but will dismiss the claim of Karen McDonald as she has pled no facts which would give her standing to pursue the ERISA claim set forth in the Complaint.

---

[1] The title of a novel by American author Joseph Heller, *Catch 22* has come into common use as a term describing a *double-bind* of any type, often the result of a rule that employs self-contradictory or circular logic. *Wikipedia*, http://en.wikipedia.org/wiki/Catch-22

**I.      Factual Background**

James McDonald began working for HSBC Financial Corporation ("HSBC") on November 19, 2001, at its Carmel, Indiana office.  He was informed in writing that he would receive a benefits package that included prescription benefit coverage and that this coverage would be effective 30 days from his start date.  Under the benefit plan, McDonald was responsible for certain premium payments made through payroll deductions and then would only pay a small co-payment at the time he procured any prescribed drug at a retail pharmacy.  The premium payments were deducted from McDonald's pay check; however, when he sought to utilize the prescription benefits after 30 days on the job, he was told that he was not listed as having benefits under the HSBC plan.

McDonald had a prescription for Vasotec, a blood pressure medication, since before he started work at HSBC.  After the 30-day waiting period following his start date with HSBC he went to a pharmacy to fill his Vasotec prescription, but was unable to obtain it because he was not listed as having any benefits and could not afford to pay the full price of the prescription out of his own pocket.  He made several subsequent appeals to his employer and Defendant United Healthcare Corporation ("United"), the insurer under the HSBC health benefits plan, but his benefits were not activated prior to January 15, 2002, the date McDonald suffered a catastrophic hypertensive stroke.  McDonald claims he did not take his mediation because he was unable to afford to purchase it without his prescription benefits.  Subsequent to his stroke, McDonald's status as a

beneficiary of the HSBC employee benefit plan was confirmed and his further requests for health benefits associated with his medical expenses have been paid.

McDonald and his wife, Plaintiff Karen McDonald, filed their first complaint in this lawsuit, setting forth six counts against HSBC and United, including breach of contract, negligence, loss of consortium and other state law theories of recovery. They sought to invoke the court's diversity jurisdiction. This court granted the Defendants' motions to dismiss on the basis of ERISA preemption, but commented that Plaintiffs were free to re-file within 30 days if they chose to pursue a claim under ERISA. The McDonald's appealed and the Court of Appeals found that their state law claims were preempted by ERISA, but that this court should have simply interpreted the facts alleged in the original Complaint as sufficient to support a claim for relief under that statute, rather than dismissing with leave to re-file. *McDonald v. Household International, Inc.*, 425 F.3d 424, 429-430 (7th Cir. 2005).

After remand, the Plaintiffs filed a Second Amended Complaint which sets forth a claim under ERISA. They assert in their brief that their claim is one under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and that it is brought against the Defendants as fiduciaries. Plaintiffs seek to recover McDonald's lost wages and damages for his impaired earning capacity in order to provide some form of "make-whole relief" under the equitable "catchall" provided in § 502(a)(3). Once more both Defendants have filed motions to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). They claim that the type of make-whole relief sought by Plaintiffs is unavailable under ERISA and that since McDonald's

benefits are now being paid, he has no further claim. In addition, one Defendant contends that Mrs. McDonald is not a participant in any benefit plan and therefore has no standing to bring a suit under ERISA.

## II.     Standard of Review

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we look at the complaint in a light most favorable to the plaintiff. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). This entails accepting all well-pleaded allegations as true and drawing any reasonable inferences from them in the plaintiff's favor. Id. A motion will be granted only if it appears beyond a reasonable doubt that the plaintiff cannot prove any facts which would support a claim for relief. *Manning v. Miller*, 355 F.3d 1028, 1031 (7th Cir. 2004).

## III.    Discussion

Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004), has drawn the attention of the Court of Appeals and both sides in this lawsuit. It is the most recent decision from the Supreme Court which addresses some of the issues that have been raised in this case. While this case does (or did) share some common elements with *Davila*, its distinctions are noteworthy as well. In the end, it is the concurring opinion in *Davila* which most influences this court's decision not to grant the Defendant's motions to dismiss.

In *Davila,* the defendants were the insurer's which administered and provided coverage under a health maintenance organization ("HMO") which was sponsored as part

of an employee health benefit plan.  One plaintiff's action was premised entirely on the refusal of defendant Aetna to approve payment for his Vioxx prescription.  *Id.* at 211.  He went without his prescribed medicine and took an over the counter alternative which caused a severe reaction and led to his hospitalization.  *Id.* at 205.  The other plaintiff sued defendant CIGNA for refusing to authorize more than a single day of hospitalization following major surgery, despite her doctor's advice and recommendation.  *Id.* at 211.  She was discharged after the single day of recovery from surgery and subsequently developed severe complications.  *Id.* at 205.  Each of these plaintiffs brought suit in Texas state court for violations of the Texas Health Care Liability Act.  *Id.*  The defendants removed the cases and the district court refused to remand the cases, finding that the claims were preempted by § 502(a) of ERISA and therefore appropriately brought to the federal courts.  *Id.*  The cases were consolidated on appeal to the Court of Appeals for the Fifth Circuit, which reversed the district court decisions, finding that the Texas law did not completely duplicate the causes of action provided in ERISA and therefore plaintiffs' causes of action, which sought tort-like damages premised upon a statutory duty external to ERISA, were not preempted.  *Id.* at 206.

The Supreme Court reversed the Fifth Circuit in *Davila*, finding that ERISA preemption applied to lawsuits brought only to remedy the denial of benefits.  *Id.* at 221.  In so doing, it discussed the remedies available under § 502 (a)(1) of ERISA, as well as those that are not available.  The decision reinforced the significant breadth of ERISA preemption, but also commented on the intentional limitation of remedies under the Act,

stating: "[T]he limited remedies available under ERISA are an inherent part of the 'careful balancing' between ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans." *Id.* at 215 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55 (1987).

It is this inherent limitation of remedies by ERISA which the Defendants in this lawsuit wish to invoke to have the court dismiss the McDonalds' claims. They would have the court view this case as a straight forward denial of benefits case where a participant is seeking extracontractual damages for consequential injuries. Such claims for monetary relief brought against fiduciaries under § 502(a)(2) of ERISA have been rejected. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). Alternatively, since the McDonalds' have stated that their claims are brought for equitable relief pursuant to § 502(a)(3), Defendants point to the fact that § 502(a)(3) has been interpreted as not authorizing an award of money damages against a non-fiduciary. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002); *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993). Then, in hopes of closing the door to § 502(a)(3) claims for monetary damages against fiduciaries as well, Defendants argue that neither *Great-West* nor *Mertens* made any attempt to distinguish fiduciaries from non-fiduciaries and the analysis of those cases should apply to fiduciaries as well. Defendants also contend that to the extent there was a failure to add McDonald to the benefit plan, such an action was merely ministerial and therefore not a fiduciary responsibility.

First, the court notes that this case is not pled as a § 502(a)(2) claim, so *Russell* is

inapplicable.  Second, this matter is at the pleading stage and there is no evidence of record yet as to what caused McDonald not to be on the list of those entitled to coverage under the benefit plan.  Under ERISA a fiduciary is defined as a person who exercises discretionary authority with respect to the administration of the plan, the management of plan assets or offers investment advice for a fee with respect to plan property or assets.  29 U.S.C. § 1002(21).  At this point it is impossible to know whether the failure to list McDonald as a covered employee was intentional, a mistake or the result of inaction.  Nor can it be said with any assurance that it was the responsibility of a particular person or entity, fiduciary or otherwise.  These are questions of fact and the latter is an important one; at least Justice Ginsburg and Judge Wood have hinted as much.

In her concurring opinion in *Davila,* Justice Ginsburg discussed the amicus brief supplied by the United States and wrote:

> A series of the Court's decisions has yielded a host of situations in which persons adversely affected by ERISA-proscribed wrongdoing cannot gain make-whole relief.
>
> \*\*\*
>
> As the array of lower court cases and opinions document, fresh consideration of the availability of consequential damages under § 502(a)(3) is plainly in order.
>
> \*\*\*
>
> The Government notes a potential amelioration.  Recognizing that "this Court has construed Section 502(a)(3) not to authorize an award of money damages against a *non-fiduciary*," the Government suggests that the Act, as currently written and interpreted, may "allo[w] at least some forms of 'make-whole' relief against a breaching *fiduciary* in light of the general availability of such relief in equity at the time of the divided bench."

*Davila*, 542 U.S. at 223 (citations omitted).  Justice Ginsburg went on to note that in that case the plaintiffs had declined the opportunity to amend their complaints to state a claim for relief under § 502(a) and therefore their suits were properly dismissed.  However, she added that the suggestion made by the Government "might indicate an effective remedy others similarly circumstanced might fruitfully pursue.  In the course of remanding this case, Judge Wood observed in her opinion that the McDonalds "may wish to take note of" that part of Justice Ginsburg's concurring opinion in *Davila* which is quoted above.  *McDonald*, 425 F.3d at 430.

     This court is mindful that ERISA case law has developed a rather deep line of precedent which interprets the intent of Congress as severely limiting available remedies for protection of participants, including equitable remedies under § 502(a)(3), so as to strike a balance which still promotes a policy favoring the adoption of benefit plans by employers.  The efficacy of that precedent has also sparked a debate amongst jurists, practitioners and academicians which Justice Ginsburg referred to when she agreed with the majority position in *Davila*, but stated:  "... I also join the rising judicial chorus urging that Congress and [this] Court revisit what is an unjust and increasingly tangled ERISA regime."  *Davila*, 542 U.S. at 222. (citation omitted).  However, this court's decision today is not dependent on a revisitation.  The likelihood that Plaintiffs will establish facts that might allow their case to squeeze past the existing limitations on ERISA's equitable remedy may be remote, but without the benefit of an evidentiary record, the court can not say that it is impossible.

There is a line of argument advanced by HSBC that does have unquestionable merit. Plaintiff, Karen McDonald, first sought recovery through a derivative state law claim. As the Seventh Circuit noted, Plaintiffs' state law claims are preempted. The Second Amended Complaint, filed after the case was remanded, seeks an equitable recovery under ERISA § 502(a)(3) which would compensate for Mr. McDonald's lost wages and impaired earning capacity. The Second Amended Complaint sets forth no factual basis to support Mrs. McDonald's standing under ERISA, nor does it set forth any allegations that would support her recovery under any legal theory. Consequently, her claim is dismissed and the case will proceed with Mr. McDonald as the only Plaintiff.

## IV. Conclusion

For the reasons discussed in this entry, Defendant HSBC's Motion to Dismiss the Second Amended Complaint (Document # 71) is **GRANTED IN PART**, insofar as the claims of Plaintiff Karen McDonald are dismissed. HSBC's motion is **DENIED** in all other respects. In addition, Defendant United's Motion to Dismiss (Document #73) is **DENIED**.

**IT IS SO ORDERED**, this 1st day of August 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

-9-

Electronic Copies to:

Thomas W. Blessing
STEWART & IRWIN
tblessing@silegal.com

Sonia S. Chen
STEWART & IRWIN
schen@stewart-irwin.com

D. Bruce Kehoe
WILSON KEHOE & WININGHAM
kehoe@wkw.com

Larry Michael Koch
BROOKS KOCH & SORG
mkoch@bbks-law.com

Stephen Boyd Mead
SBC LEGAL DEPARTMENT
stephen.mead@sbc.com

William J. Wortel
BRYAN CAVE LLP
bill.wortel@bryancave.com