UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES MCDONALD and KAREN MCDONALD, | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:03-cv-1698-RLY-TAB |
| HSBC FINANCE CORPORATION and UNITED HEALTHCARE CORPORATION d/b/a UNITED HEALTHCARE INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY DENYING MOTION TO RECONSIDER AND REAFFIRMING ENTRY DENYING DEFENDANTS' MOTIONS TO DISMISS WITH CERTIFICATION OF ENTRY AS APPEALABLE PURSUANT TO 28 U.S.C. § 1292(B)**

On August 1, 2006, this court entered its order denying each of the defendants' dismissal motions, with the exception of any claim brought by Mrs. McDonald. In that entry the court noted that scholars and jurists have been debating the question of whether or not ERISA § 502(a)(3) allows for "make-whole" relief against fiduciaries of the sort being sought against by Mr. McDonald in this case. Since that entry, United Healthcare Corporation has filed a motion asking the court to certify its ruling for interlocutory appeal (Document # 92) and the other defendant, HSBC Finance Corporation, has filed a motion asking the court to reconsider its August 1st ruling (Document # 95). In both instances, the defendants have cited to recent decisions from other circuits which have found that money damages could not be obtained under § 502(a)(3). *See Coan v.*

*Kaufman*, __ F.3d __, 2006 WL 2075129 (2nd Cir. 2006); *LaRue v. DeWolff, Boberg & Associates, Inc.*, 450 F.3d 570 (4th Cir. 2006).  However, as well written and reasoned as those decisions are, they have not persuaded this court that the riddle is solved.

The riddle, as presented in this case (assuming the accuracy of the allegations at this stage), is as follows:

1. Plaintiff, a participant in a welfare benefit plan, suffered personal injury in the form of a stroke.

2. The defendant fiduciaries of the benefit plan violated the provisions of the plan, which contributed to the cause of plaintiff's injured health.

3. ERISA preempts any state law theory of recovery against the fiduciaries of a covered benefit plan.

4. Section 502(a)(3) of ERISA provides a participant with what has been described by the Supreme Court as a "catchall" provision or "safety net" to remedy any violation of its provisions, but the relief provided by that safety net is limited to "equitable relief."

5. The Supreme Court has construed § 502(a)(3) not to authorize an award of money damages against a non-fiduciary, but the question of whether or not some form of "make-whole" relief may be pursued against a fiduciary remains unanswered.  At least that is the view of the two justices who joined in a relatively recent concurring opinion, *See Aetna Health Inc. V. Davila*, 542 U.S. 200, 223-224 (2004) and perhaps the Seventh Circuit panel that previously remanded this matter with a suggestion that plaintiff review that concurring opinion going forward.  *See McDonald* v. *Household International, Inc.*, 425 F.3d 424, 430 (7th Cir. 2005).

6. **QUERY:** Should a plaintiff who has suffered personal injury be allowed to pursue "make-whole" relief, consisting of lost wages and impaired earning capacity, against a fiduciary whose violation of the

>terms of a benefit plan has contributed to cause that plaintiff's damage?

Plaintiff has responded to United Healthcare's motion and stated its agreement that the issue should be certified for an interlocutory appeal to the Seventh Circuit. The court, in its earlier entry, discussed the fact that courts have found that concerning ERISA Congress intended a careful balance between ensuring enforcement of a participant's rights and the encouragement of continued creation of such plans by employers. This court also acknowledged, the rather significant limitation courts have placed on recovery under § 502(a)(3), just as we now note the growing majority of appellate decisions opining that the Supreme Court's interpretation of § 502(a)(3) as it applies to non-fiduciaries would not differ with respect to fiduciaries. However, this court refused to dismiss the case at such an early stage because of the ongoing judicial debate over interpretation and intent of § 502(a)(3) and the possibility that plaintiff might prove some set of facts that would "squeeze" past the existing constrictions. What those facts might be is, at this point, beyond the court and apparently beyond the plaintiff as well. What remains is the debate, which is a question of law. And this court's earlier ruling denying the motions to dismiss has placed it, though perhaps not squarely, on the side which interprets § 502(a)(3) as allowing some form of "make-whole" relief against fiduciaries under the right circumstances.

Accordingly, Defendant United's Motion for Certificate of Appealability (Document # 92) is **GRANTED**.  This court is of the opinion that its order of August 1, 2006 (Document # 91),  supplemented by the discussion in this entry, involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation.  It follows then that the Motion to Reconsider (Document # 95), filed by defendant HSBC Finance Corporation, is **DENIED**.

**IT IS SO ORDERED**, this 18th day of September 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Thomas W. Blessing
STEWART & IRWIN
tblessing@silegal.com

Sonia S. Chen
STEWART & IRWIN
schen@stewart-irwin.com

D. Bruce Kehoe
WILSON KEHOE & WININGHAM
kehoe@wkw.com

Larry Michael Koch
BROOKS KOCH & SORG
mkoch@bbks-law.com

Stephen Boyd Mead
SBC LEGAL DEPARTMENT
stephen.mead@sbc.com

William J. Wortel
BRYAN CAVE LLP
bill.wortel@bryancave.com